THE BOARD OF TRUSTEES OF JUNIOR COLLEGE DISTRICT No. 521, COUNTIES OF JEFFERSON, FRANKLIN, HAMILTON, WAYNE, WHITE, PERRY, WILLIAMSON and WASHINGTON, Plaintiff-Appellee, *v.* KEITH WEBB, County Treasurer, Hamilton County, Defendant-Appellant.

(No. 74-59; )

Fifth District—November 7, 1974.

*Rehearing denied December 11, 1974.*

Frank Bonan, State's Attorney, of McLeansboro, for appellant.

Donald G. Musick, of Kirk & Musick, of Mt. Vernon, for appellee.

Mr. JUSTICE CREBS delivered the opinion of the court:

This is an appeal from the Circuit Court of Hamilton County. Junior College District No. 521, also known as the Rend Lake Junior College District, is comprised of territory from the counties of Franklin, Jefferson, Hamilton, Perry, Washington, Wayne, White and Williamson in the State of Illinois. This community college district had the power to levy taxes. (Ill. Rev. Stat., ch. 122, par. 103—1.) The treasurers of all counties are the ex officio county collectors of their respective counties (Ill. Rev. Stat., ch. 120, par. 657.) and as county collectors pay over to the proper authorities the amounts collected or be subject to penalties. Ill. Rev. Stat., ch. 120, par. 761.

In 1972, the Treasurer of Hamilton County, Keith Webb, collected the general taxes assessed against taxable property in that county for the year 1971. On July 8, 1972, the Board of Hamilton County resolved that the Junior College District should be charged a fee that would approximate the cost of levying and collecting taxes. The County Treasurer was directed to deduct the fee before paying over to the district the taxes collected for it. Pursuant to the resolution the defendant retained in the county treasury $5,091.78 that would otherwise have been paid to the Rend Lake Junior College District. The Board of Trustees of the District thereupon filed an action against the defendant, as the Treasurer of Hamilton County, alleging that defendant wrongfully withheld from the District the sum of $5,091.78. Following a judgment for the plaintiff, the defendant appealed.

The defendant contends that section 21 of "An Act concerning fees and salaries * * *" (Ill. Rev. Stat., ch. 53, par. 39) permits a county collector of taxes to take a percentage commission from the taxes he collects as remuneration for his services. The words of section 21 have their origin under the Constitution of 1870. Under the Constitution of 1870 the compensation of many county officers, including county treasurers, could be paid only out of statutory fees collected by the office. An act of 1872 re-

lating to fees and salaries established fees for county collectors and the basis of our present section 21 is in that act of 1872.

The Constitution of 1970, section 9(a) of article VII, provides:

"Compensation of officers and employees and the office expenses of units of local government shall not be paid from the fees collected. Fees may be collected as provided by law and by ordinance and shall be deposited upon receipt with the treasurer of the unit. Fees shall not be based upon funds disbursed or collected, nor upon the levy or extension of taxes."

Article VII, section 9(a), of the Constitution of 1970 became effective as of December 1, 1971. When defendant retained the funds herein involved, the above-quoted provision of the Constitution of 1970 was in effect. There is a definite conflict between section 21 and article VII, section 9(a), of the Constitution of 1970.

■■ We therefore hold that section 21 of "An Act concerning fees and salaries * * *" (Ill. Rev. Stat., ch. 53, par. 39), being contrary to the Constitution, is unconstitutional and void. The Constitution is supreme and whatever the purpose of the people in placing a restriction upon legislation it must be obeyed. *Sutter v. People's Gas Light & Coke Co.,* 284 Ill. 634.

Defendant also raises a number of other objections which we have examined and find to be without merit.

Judgment of the Circuit Court of Hamilton County is affirmed.

G. MORAN, P. J., and CARTER, J., concur.